IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

KATHLEEN DITTER, an individual and
DREW DITTER, an individual,

    Plaintiffs,

v.

FUJI HEAVY INDUSTRIES, LTD., a foreign corporation;
SUBARU OF AMERICA, INC., a New Jersey corporation;
FUJI HEAVY INDUSTRIES U.S.A., INC., a New Jersey corporation;
SUBARU RESEARCH & DEVELOPMENT, INC., a California corporation;
SUBARU OF INDIANA AUTOMOTIVE, INC., an Indiana corporation; and
JOHN DOE NOS. 1-40

    Defendants.
_____

## NOTICE OF REMOVAL
_____

Defendant Subaru of America, Inc., by and through undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and removes this action from the District Court for Denver County, Colorado to the United States District Court for the District of Colorado.

## STATE COURT ACTION

1.    Plaintiffs commenced civil action 2020CV32885 in the District Court for Denver County, Colorado on August 21, 2020 (*See* Exhibit A, Complaint).

2. 28 U.S.C. § 1446(a) requires a defendant desiring to remove a civil action to file a notice of removal containing "a short and plain statement of the grounds for removal."

3. This is an action in which the district courts of the United States have jurisdiction under 28 U.S.C. § 1332(a)(3) because diversity of citizenship exists between Plaintiffs and each Defendant, citizens or subjects of a foreign state are additional parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. "The evident purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice of jurors from the plaintiff's state." *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008).

4. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court for Denver County, Colorado, where this action is pending.

5. Subaru of America, Inc. was served on August 26, 2020. (*See* Exhibit B, Return of Service for Subaru of America, Inc.). Defendant's Notice of Removal is filed within the time limits of 28 U.S.C. § 1446(b) as it is filed within thirty days of service of the state court Summons and Complaint.

6. Pursuant to D.C.Colo.LCivR 81.1 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the current State Court docket sheet, along with the filings that have been submitted in the State Court Action thus far. (*See* Exhibit C).

7. Defendants are also filing a copy of the Notice of Removal in the District Court for Denver County, Colorado, pursuant to 28 U.S.C. § 1446(d).

**CITIZENSHIP**

8. Complete diversity of citizenship exists between Plaintiffs and each Defendant.

9. Plaintiffs are residents and citizens of the State of Colorado. (*See* Exhibit A ¶ 2). Upon information and belief, none of the Defendants is a citizen of the State of Colorado, and none of the Defendants has its principal place of business in Colorado; the citizenship of the Defendants is as follows:

10. Defendant Subaru Corporation (identified by plaintiffs and formerly known as Fuji Heavy Industries, Ltd.) is a Japanese corporation headquartered in and with its principal place of business in Tokyo, Japan.

11. Defendant Subaru of America, Inc. is a New Jersey corporation headquartered in and with its principal place of business in New Jersey.

12. Defendant North American Subaru Inc. (identified by plaintiffs and formerly known as Fuji Heavy Industries U.S.A. Inc.) is a New Jersey corporation headquartered in and with its principal place of business in New Jersey.

13. Defendant Subaru Research and Development, Inc. is a California corporation headquartered in and with its principal place of business believed to be in Michigan, California, Indiana, and/or New Jersey.

14. Defendant Subaru of Indiana Automotive, Inc. is an Indiana corporation headquartered in and with its principal place of business in Indiana.

15. The citizenship of Defendants "John Does 1-40" is disregarded for removal purposes. *See* 28 U.S.C. § 1441(b)(1).

## AMOUNT IN CONTROVERSY

16. When, as here, state practice does not permit demand for a specific sum in the Complaint, the notice of removal may assert the amount in controversy. *See* 28 U.S.C. § 1446(c)(2)(A)(ii); C.R.C.P. 8(a).

17. The amount in controversy here exceeds $75,000, exclusive of interest and costs.

18. This lawsuit arises out of an alleged improper and defective deployment of an airbag which struck Plaintiff Kathleen Ditter in the face causing serious and permanent injuries, including a brain injury, facial laceration, and blindness in her right eye. (*See* Exhibit A ¶ 20).

19. Plaintiffs alleges their damages in paragraph 61 of their Complaint, which include, without limitation:

   a. Past and future physical and mental pain and suffering, emotional distress, and extreme mental anguish;

   b. Past and future medical, hospital and rehabilitation care and services, physiotherapy care and services, nursing care and services, life care and attendant services, medication, therapy and other expenses, including special medical damages;

   c. Inconvenience;

   d. Loss of enjoyment of life, impairment and loss of the quality and value of life, and the loss of enjoyment of life;

   e. Loss of time;

f. Other non-economic damages;

g. Past and future loss of earnings, loss of income, loss of earning capacity, an impairment of earning capacity, and loss of household services;

h. Temporary and permanent physical and mental impairment and disability;

i. Temporary and permanent disfigurement;

j. Drew Ditter's loss of love, support, care, comfort, companionship, affection, consortium, and society of his wife, Katie Ditter;

k. All such other relief and compensatory damages as are permissible at common law and by statute to which Plaintiffs are entitled.

20. In addition, Plaintiffs have represented to the Denver District Court that they are seeking more than the $75,000 jurisdictional threshold. Plaintiffs filed a District Court Civil Cover Sheet in the District Court of Denver County, Colorado, and represented that the Colorado Simplified Rules of Procedure under C.R.C.P. 16.1 do not apply because Plaintiffs are "seeking a monetary judgment for more than $100,000" excluding interest and costs. (*See* Exhibit D, Civil Cover Sheet ¶ 2).

21. A notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co.*, LLC v. Owens, 135 S.Ct. 547, 554 (2014), *abrogating Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995). Evidence establishing the jurisdictional amount is only required when the "plaintiff contests, or the Court questions, the defendant's allegation." *Id.*

5

22. Considering the seriousness of Plaintiffs' claimed injuries and damages, and Plaintiffs' representation in the District Court Civil Cover Sheet, the preponderance of the evidence demonstrates that the amount in controversy in this case is in excess of the $75,000 jurisdictional threshold.

## CONCLUSION

23. As set forth above, Subaru of America, Inc. hereby removes this action to the United States District Court for the District of Colorado.

**WHEREFORE**, Subaru of America hereby removes this action from the District Court of Denver County, Colorado to the United States District Court for the District of Colorado.

Dated: September 25, 2020

    *s/ Andrew Garnett*
Charles Casteel
Andrew Garnett
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379

*Attorneys for Defendant Subaru of America, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September 2020, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served on the following via e-mail:

| | |
|---|---|
| Anthony P. Bolson<br>Bolson Law, LLC<br>3900 E. Mexico Ave., Suite 300<br>Denver, CO 80210<br>tony@bolsonlawllc.com | Brian D. Chase<br>Steven Hilst<br>Bisnar Chase, LLP<br>One Newport Place<br>1301 Dove Street, Suite 120<br>Newport Beach, CA 92660<br>bchase@bisnarchase.com<br>shilst@bisnarchase.com |

*s/ Robin E. Anderson*
Robin E. Anderson