IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02908-PAB-MEH

KATHLEEN DITTER, an individual and
DREW DITTER, an individual,

    Plaintiffs,

v.

SUBARU CORPORATION, a foreign corporation;
SUBARU OF AMERICA, INC., a New Jersey corporation;
NORTH AMERICAN SUBARU INC., a New Jersey corporation;
SUBARU RESEARCH & DEVELOPMENT, INC., a California corporation;
SUBARU OF INDIANA AUTOMOTIVE, INC., an Indiana corporation; and
JOHN DOE NOS. 1-40

    Defendants.

_____

**DEFENDANT SUBARU CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)**
_____

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Subaru Corporation ("SBR"), by and through counsel, Davis Graham & Stubbs LLP, moves this Court to dismiss all counts of Plaintiffs' Amended Complaint against it for lack of personal jurisdiction, and in support thereof states as follows:[1]

---

[1] Counsel hereby enters a limited appearance on behalf of Subaru Corporation for the purpose of filing and pursuing this Motion. By filing this Motion, Subaru Corporation does not consent and expressly denies it is subject to this Court's jurisdiction.

**PAB Civ. Practice Standard III(F)(2) Certification**

Defense counsel submits to the Court that the relief requested herein is not correctable by amendment of Plaintiffs' Amended Complaint; therefore, conferral efforts have not been made with Plaintiffs concerning the content of this Motion.

## I. INTRODUCTION

Before a court may exercise personal jurisdiction over a defendant, the plaintiff must prove that the defendant has sufficient contacts with the forum state. Here, there is an absence of any contracts between Defendant, SBR, a Japanese entity, and the State of Colorado. Considering the indisputable facts regarding the lack of any connection between SBR and Colorado, Plaintiffs cannot satisfy their burden of establishing that this Court has general or specific (or "*in personam*") jurisdiction over SBR. As such, SBR should be dismissed from this case.

This action arises from Plaintiffs' claims that Kathleen Ditter was injured when the driver's side airbag defectively deployed with too much force during a motor vehicle accident on April 19, 2019. *See* Ex. A, Dkt. 53, Plaintiffs' First Amended Complaint ¶¶ 14, 17, 20. Plaintiffs' First Amended Complaint does not contain any specific jurisdictional allegations against SBR or any facts to support an assertion of personal jurisdiction over SBR in contravention of the requirements outlined in Fed. R. Civ. P. 8(a)(1). *See id.* ¶¶ 21-26. Plaintiffs' attempt to simply list legal conclusory statements alleging agency between SBR and other Defendants cannot save them from this Motion. *Id.* ¶ 26. Plaintiffs assert no facts to establish personal jurisdiction with respect to SBR because SBR has no

2

contacts or connections with Colorado and, thus, Plaintiffs' cause of action could not arise and did not arise from any connection between SBR and Colorado.

As a foreign manufacturer of a product that does not exercise control over where the final product will be marketed, sold, or distributed in the United States, SBR lacks the minimum contacts with Colorado so as to find personal jurisdiction. Further, subjecting SBR to the jurisdiction of the Colorado courts would offend traditional notions of fair play and substantial justice. As such, the exercise of specific personal jurisdiction over SBR would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution. Finally, Plaintiffs cannot establish general jurisdiction over SBR because SBR does not have a continuous and systematic presence in Colorado.

For these reasons, and as set forth more fully below, SBR respectfully requests that this Court grant its Motion and dismiss Plaintiffs' suit for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## II. STATEMENT OF FACTS

SBR is a Japanese automobile and aerospace manufacturing company, publicly traded on the Tokyo Stock Exchange, with its headquarters in Tokyo, Japan. *See* Ex. B. Declaration of Satoshi Wada ("Wada Decl.") at ¶ 3. SBR is, and always has been, a corporation organized and existing under the laws of Japan. *Id.*

SBR is not incorporated in Colorado or any other state in the United States, nor has it qualified to do business in Colorado or elsewhere in the United States. *Id*. at ¶¶ 13-14. SBR has no agent for service of process Colorado or any other state in the United

States. *Id*. at ¶ 14. SBR is not a taxpayer in Colorado or any other state in the United States. *Id*. at ¶ 15.

SBR does not sell Subaru motor vehicles directly to dealers or to the general public in Colorado. *Id*. at ¶ 10. SBR does not design or manufacture Subaru vehicles in Colorado. *Id*. at ¶ 4. SBR also does not distribute Subaru vehicles to dealers or to the general public in Colorado. *Id*. at ¶ 9. SBR does not maintain a sales force in Colorado, and does not conduct sales campaigns of Subaru vehicles directed at the general public in Colorado. *Id*. at ¶ 11-12. SBR does not direct marketing materials to consumers in the United States, including Colorado. *Id*. at ¶ 11. In fact, SBR does not conduct or solicit any continuous or systematic business in Colorado. *Id*. at ¶ 13.

Subaru of America ("SOA"), another Defendant in this matter, is a limited liability company, incorporated in and with is principal place of business in New Jersey. *Id*. at ¶ 5. SOA is a separate, distinct, and independent corporate business entity from SBR. *Id*. at ¶¶ 6-8.

SBR does not control the operations of SOA. SBR and SOA each have their own separate procedures and policies for their respective operations. *Id.* at ¶ 7. **SOA is the exclusive United States distributor of new Subaru brand vehicles in the United States.** *Id*. at ¶ 9. **SBR does not control the distribution of Subaru vehicles in the United States, including in Colorado.** *Id*.

SOA also directly handles its own financial affairs. SBR does not maintain SOA's corporate books and records. *Id*. at ¶ 8. SBR does not prepare or file SOA's tax returns. *Id*.

4

## III. ARGUMENT

**A.     Plaintiffs Have Not Met Their Burden of Establishing Personal Jurisdiction Over SBR**

The doctrine of personal jurisdiction lends legitimacy to the exercise of judicial power while delivering on the Constitution's fundamental guarantee of due process of law. Generally speaking, it ensures that a defendant cannot be "required to defend a lawsuit" in a state unless it is physically "present" or has "minimum contacts" with that state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This minimum-contacts requirement "protects the defendant against the burdens of litigating in a distant or inconvenient forum." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). It also upholds the general principal of law that "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts." *J. McIntyre Mach, Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011). This is particularly of concern in the international context where, as here, Plaintiffs seek to bring claims against the citizen of a foreign nation.

The Supreme Court has recognized two distinct applications of due process personal jurisdiction principles: specific jurisdiction and general jurisdiction.[2] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

---

[2] The Supreme Court has gradually limited the ability of courts to exercise general jurisdiction over foreign entities. The Supreme Court decision in *Daimler AG v. Bauman*, 571 U.S. 117, (2014) further narrows the confines within which a court may find personal jurisdiction where a plaintiff seeks to establish jurisdiction over a non-resident entity, such as here.

Plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008).

> Where a defendant challenges a court's in personam jurisdiction, 'the plaintiff bears the burden of establishing personal jurisdiction over the defendant. . . . Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. . . . The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. . . . If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.'

*Nat'l. Bus. Brokers, Ltd. v. Jim Williamson Prod., Inc.,* 115 F. Supp. 2d 1250, 1253 (Dist. Colo. 2000) (quoting *Behagen v. Amateur Basketball Ass'n.,* 744 F.2d 731, 733 (10th Cir. 1984)), and aff'd., 16 Fed. App'x 959 (10th Cir. 2001). As noted above, Plaintiffs have not provided a single fact to support any assertion of personal jurisdiction over SBR and, therefore, fail to meet their burden.

### B.   Specific Jurisdiction in a Diversity Jurisdiction Case

To establish specific personal jurisdiction in a diversity case, such as this one, a plaintiff must show both that jurisdiction is proper under the forum state's long-arm statute and that exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution. *Nat'l. Bus. Brokers*, 115 F. Supp. 2d at 1253. Under Colorado law, federal courts may exercise personal jurisdiction to the full extent of the Due Process Clause of the Fourteenth Amendment. *Dudnikov* 514 F.3d 1063. Thus, the question becomes a single inquiry of whether the exercise of specific personal jurisdiction over SBR comports with due process. *Id*. "Federal law, not state law, guides the due process analysis." *National Business Brokers*, 115 F. Supp. 2d at 1253.

6

"[T]o exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

### i. SBR Does Not Have Sufficient Minimum Contacts with Colorado to Permit This Court to Exercise Personal Jurisdiction Under the Due Process Clause

When determining whether a defendant has sufficient minimum contacts with a forum state, the court must determine whether the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297. "Within this inquiry [the court] must determine whether the defendant purposefully directed its activities at residents of the forum, *Burger King*, 471 U.S. at 472, and whether the plaintiff's claim arises out of or results from 'actions by the defendant *himself* that create a substantial connection with the forum state.' *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102 (1987) (internal quotations omitted) (emphasis in the original.)." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).

### a. Plaintiffs Cannot Establish that Their Claims Arise Out of or Relate to a Single Contact Between SBR and Colorado

A nexus or connection between a nonresident "defendant, the forum, and the litigation is the essential foundation of *in personam* jurisdiction. . . ." *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (internal citations omitted). Here, SBR has no contacts whatsoever with Colorado such that Plaintiffs will be unable to establish that their claims arise out of contact between SBR and Colorado.

7

As the declaration of Mr. Wada confirms, SBR did not manufacture the subject vehicle in the United States, did not sell or distribute the subject vehicle in the United States, and did not market the subject vehicle in the United States – much less undertake any of those activities in Colorado. *See* Ex. B Wada Decl. Thus, Plaintiffs have not alleged (and cannot prove) that their cause of action "arises out of" any contacts that SBR has with Colorado.

Moreover, SBR is a Japanese entity that conducts no business in Colorado. *Id*. at ¶ 13. SBR does not maintain a sales force in Colorado. *Id*. at 12. SBR is not authorized or licensed to do business in Colorado. *Id*. at 14. SBR does not file taxes in the United States or in Colorado. *Id*. at ¶ 15. SBR's contacts with Colorado are virtually non-existent.

Thus, Plaintiffs cannot satisfy even the first prong of the "minimum contacts" analysis of the Due Process requirement for establishing specific personal jurisdiction over SBR. Accordingly, SBR should be dismissed from this action with prejudice.

    **b.**    **Plaintiffs Cannot Establish that SBR has Purposefully Availed Itself to Colorado to Establish Sufficient Minimum Contacts to Satisfy the Due Process Clause**

Even if Plaintiffs could establish that their claims arise out of some contact between SBR and Colorado, specific jurisdiction still cannot be asserted over SBR because SBR has not "purposefully avail[ed]" itself of the privilege of conducting business in Colorado, thus invoking the benefits and protections of its laws.

As stated above, to satisfy specific jurisdiction in this Court, Plaintiffs must establish that SBR purposefully availed itself of the privilege of conducting activities within Colorado. Plaintiffs cannot meet this burden because Plaintiffs cannot establish that SBR

performed any act in Colorado, much less that it "purposefully availed" itself of the privileges of doing business here. Plaintiffs' claims arise from the alleged defective design, manufacturing, and warnings associated with the airbag and accompanying deployment system in an SBR vehicle in the stream of commerce. But SBR never designed, tested, manufactured, issued warnings, marketed, advertised, promoted, sold, nor directed into the stream of commerce vehicles in Colorado or to Colorado customers. See Ex. B Wada Decl. *supra*.

SBR designed and manufactured a vehicle outside of the United States, and an independently operated automobile dealer eventually sold that vehicle to a consumer in the United States. SBR has no contact with Colorado. Plaintiffs have essentially conceded that SBR has no direct contact with Colorado because Plaintiffs have not pled a single fact sufficient to demonstrate the requisite elements to establish specific personal jurisdiction over SBR in this litigation. The only possible argument Plaintiffs could make to assert specific jurisdiction is that SBR placed the vehicle into the stream of commerce, and the vehicle eventually made it to Colorado. This, however, is insufficient action to satisfy the purposeful availment requirement of the minimum contacts Due Process Clause analysis.

The Supreme Court has recognized that a foreign manufacturer that merely places its goods into the stream of commerce with the expectation that they will be purchased in the United States has not, without something more, met the purposeful availment prong. *See Asahi Metal Indus. Co.,* 480 U.S. 102.

9

In *Asahi*, the Court considered "whether the mere awareness on the part of a foreign defendant that the components it manufactured, sold, and delivered outside the United States would reach the forum State in the stream of commerce" authorizes the exercise of specific personal jurisdiction. Justice O'Connor, announcing the judgment and writing for four justices, concluded that it did not:

> [A] defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state. Assuming, *arguendo*, that respondents have established Asahi's awareness that some of the valves sold to Cheng Shin would be incorporated into tire tubes sold in California, respondents have not demonstrated any action by Asahi to purposefully avail itself of the California market. Asahi does not do business in California. It has no office, agents, employees, or property in California. It does not advertise or otherwise solicit business in California. It did not create, control, or employ the distribution system that brought its valves to California. There is no evidence that Asahi designed its product in anticipation of sales in California. On the basis of these facts, the exertion of personal jurisdiction over Asahi by the Superior Court of California exceeds the limits of due process.

*Id*. at 112-113. Instead, some evidence of additional targeting was required before jurisdiction could be found. *Id*.

The Supreme Court confirmed, and Tenth Circuit Courts have applied, that merely placing products in a stream of commerce that ultimately ends in the forum state is insufficient to establish personal jurisdiction. *Nicastro*, 564 U.S. at 886 ("the stream-of-commerce metaphor cannot supersede either the mandate of the Due Process Clause or the limits of judicial authority that Clause ensures".).

> The Tenth Circuit has yet to interpret the conflicting opinions in *Asahi* and *Nicastro* to determine the proper framework for a stream-of commerce analysis . . . however, at least one court in this district has stated that 'it is reasonably clear from the divided Supreme Court decisions that 'something

10

> more' than merely placing a product into the steam of commerce is required to establish minimum contacts for jurisdictional purposes.' Th[is] Court finds this to be an accurate summary of the law after *Nicastro*.

*Fischer v. BMW of N. Am., LLC,* 376 F. Supp. 3d 1178, 1184 (D. Colo. 2019) (internal citations omitted). The law of this Court is clear: Plaintiffs must provide facts demonstrating something more than a Subaru vehicle ending up in Colorado through the stream of commerce to establish minimum contacts of SBR for jurisdictional purposes.

Here, there is clearly no in-state activity in Colorado by SBR. Further, SBR has not "purposefully directed" any significant activities towards Colorado sufficient to subject SBR to personal jurisdiction in this Court. SBR manufactured a product and sold it to SOA outside Colorado.

There is no evidence that SBR took any of the affirmative steps that would be necessary for this Court to exercise personal jurisdiction. *McIntyre*, *supra.* SBR does not make direct sales to Colorado, has no sales force in Colorado, does not distribute vehicles directly to Colorado, and does not market its products in Colorado. Ex. B. Wada Decl. *supra*. SBR is not a State of Colorado taxpayer. *Id*. at ¶ 15. SBR has also not appointed an agent for service of process and is not registered to do business Colorado. *Id*. at ¶ 14. SBR affirmatively does not conduct or solicit continuous or systematic business in Colorado. *Id*. at ¶ 13.

SBR has not purposefully established minimum contacts in Colorado. To be clear, SBR has no contacts with Colorado at all. Because Plaintiffs' cause of action does not "arise out of" SBR's contacts with Colorado, and SBR does not have the requisite

11

minimum contacts with Colorado necessary to establish specific personal jurisdiction, SBR's Motion should be granted. *See Int'l. Shoe*, 326 U.S. at 320.

### ii. Exercising Personal Jurisdiction Over SBR Would Violate Traditional Notions of Fair Play and Substantial Justice

Even if the Court were to find that SBR somehow had contact with Colorado that constitutes sufficient minimum contacts necessary to confer jurisdiction (despite overwhelming evidence to the contrary), the Due Process Clause nevertheless forbids the exercise of personal jurisdiction under these circumstances because to do so would offend "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co*. 480 U.S. at 113 (internal citations omitted). The exercise of personal jurisdiction here would unreasonably subject a foreign manufacturer to the risk of being haled into court wherever its goods are found, threatening to intrude on the sovereignty of foreign courts and increasing the cost of bringing goods to market. *Id*. at 115 ("Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.") (internal citations omitted).

This is particularly true because the burden to a Japanese company to defend a suit in Colorado is substantial. SBR has not availed itself of the forum's jurisdiction and enjoys formal corporate status under the laws of Japan. Any jurisdictional issue involving a foreign citizen additionally "calls for a court to consider the procedural and substantive policies of other nations whose interests are affected by the assertion of jurisdiction by the . . . court." *Id*. This Court must take into account these interests, along with the government's interests in foreign relations policies, when considering the reasonableness of the assertion of jurisdiction in a particular case and whether the "serious burdens on an alien defendant

[are] outweighed by minimal interests on the part of the plaintiff or the forum State." *Id*. Additional burdens would include the obvious language barrier, travel, time zone, conflicting laws, and transcription, to name only a few.

### 3. SOA is not SBR's Agent in Colorado

Plaintiffs make conclusory legal statements that "SUBARU" has purposefully availed itself of the benefits of doing business in Colorado through its "agents and franchisees, subsidiaries and/or corporate divisions." *See* Ex. A Amend. Compl. ¶ 24. Not only are these vague conclusory legal statements insufficient to establish personal jurisdiction over SBR, they are inaccurate.

"[A] corporation can purposefully avail itself of a forum *by directing* its agents or distributors to take action there. But this implies some degree of direction or control by the defendant." *Fischer*, 376 F. Supp. 3d at 1186 (internal citations omitted). "Absent direction or control, the mere fact that a distributor sells a defendant's products in the forum state does not support the exercise of jurisdiction." *Id*. at 1187.

SBR and SOA have their own separate procedures and policies for their respective operations. Ex. B Wada Decl. at ¶ 7. SBR does not maintain SOA's corporate books and records and does not file SOA's tax returns. *Id*. at ¶ 8. SOA controls distribution of Subaru vehicles in the United States and SBR maintains no control over the distribution of Subaru vehicles in the United States. *Id*. at ¶ 9.

The circumstances of this case directly mirror those in *Fischer.* Just like BMW NA in the *Fischer* case, SOA is a separate and distinct legal entity and SBR does not control the distribution of Subaru vehicles in the United States. *Id*. at ¶¶ 6, 7, 9. Therefore,

13

Plaintiffs cannot use any agency theory to establish the purposeful availment requirement for minimum contacts to create personal jurisdiction over SBR.

**C.     This Court Does Not Have General Jurisdiction Over SBR**

Because SBR has no contacts with Colorado sufficient to establish specific personal jurisdiction over SBR, the only other potential basis for jurisdiction is general jurisdiction. To establish general jurisdiction, Plaintiffs must prove that SBR's contacts with the forum were so "continuous and systematic" that SBR is found to be essentially domiciled in the forum state. *Helicopteros*, 466 U.S. 408.

In *Helicopteros*, representatives of four U.S. citizens who died in a helicopter crash brought an action in a Texas District Court against Helicopteros, the Columbian corporation that owned the helicopter. During a three-year period, Helicopteros purchased helicopters, parts, and accessories costing more than $4 million from a Texas company. Helicopteros sent pilots to Texas both for training and to fly the helicopters to South America. It also sent management and maintenance personnel to Texas for training. The CEO also traveled to Texas for contract negotiation. The Supreme Court held that despite those contacts with Texas, "continuous and systematic . . . contacts" required for jurisdictional purposes were not present. *Id*. at 416.

The facts of *Helicopteros* starkly contrast with the facts of this case. If general jurisdiction was not present in *Helicopteros*, it is unfathomable how general jurisdiction could exist here when SBR: does not conduct any business in Colorado; does not have an agent for service of process in Colorado; is neither incorporated nor licensed to do business in Colorado; does not manufacture products in Colorado; does not maintain a

sales force in Colorado; does not advertise its products in Colorado; and does not pay taxes in Colorado. *See* Ex. B. Wada Decl. *supra*.

Under these circumstances, SBR does not have either the type or the nature of contacts with Colorado that are necessary to confer general jurisdiction on this Court. There is no rational basis to impose general personal jurisdiction over SBR and Plaintiffs' claims against SBR should be dismissed.

## IV. CONCLUSION

For the aforementioned reasons, all claims against SBR asserted in Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). Fair play and substantial justice require dismissal where, as here, SBR lacks any significant relationship to Colorado.

**WHEREFORE**, Defendant SBR, respectfully requests a hearing on this matter or, if the Court finds no hearing is necessary, that this Court enter an order dismissing SBR with prejudice, and grant any further relief this Court deems appropriate.

## CERTIFICATE OF COMPLIANCE WITH D.C. LPtR 17 WORD LIMIT

The total number of words in this brief is 3,946.

Dated: June 24, 2021

*s/ Andrew Garnett*
Charles Casteel
Andrew Garnett
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO  80202
Telephone: 303.892.9400

*Attorneys for Defendant Subaru Corporation for the limited purpose of filing this motion*

### CERTIFICATE OF SERVICE

I hereby certify that on this 24 day of June, 2021, a true and correct copy of the foregoing **DEFENDANT SUBARU CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)** was e-filed with the Clerk of Court via the CM/ECF System which will send notification of such filing to the following:

Anthony P. Bolson
Bolson Law, LLC
1040 S. Gaylord, #87
Denver, CO 80209

Brian D. Chase
Steven Hilst
Bisnar Chase, LLP
One Newport Place
1301 Dove Street, Suite 120
Newport Beach, CA 92660

*s/ Paige Finnell*