IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02908-PAB-MEH

KATHLEEN DITTER, an individual and
DREW DITTER, an individual,

    Plaintiffs,

v.

SUBARU CORPORATION, a foreign corporation;
SUBARU OF AMERICA, INC., a New Jersey corporation;
NORTH AMERICAN SUBARU INC., a New Jersey corporation;
SUBARU RESEARCH & DEVELOPMENT, INC., a California corporation;
SUBARU OF INDIANA AUTOMOTIVE, INC., an Indiana corporation; and
JOHN DOE NOS. 1-40

    Defendants.
_____

**DEFENDANT SUBARU CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)**
_____

    Defendant Subaru Corporation ("SBR"), by and through counsel, submits this Reply in Support of its Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).[1] In support of its Reply, SBR states as follows:

**I.**    **Introduction**

    Plaintiffs' Response does not establish any connection between SBR and the State of Colorado. As a result, Plaintiffs have not met their burden of establishing specific personal jurisdiction sufficient to subject SBR, a Tokyo corporation with no connection to the State of Colorado, to the jurisdiction of this Court.

---

[1] Counsel continues to make a limited appearance in this matter to pursue SBR's Motion.

Plaintiffs' Response repeatedly focuses on SBR's efforts to serve the United States market as a whole while completely neglecting to establish any connection between SBR and the State of Colorado. Such nationwide contacts are insufficient to establish specific personal jurisdiction over a foreign defendant.

In support of this misguided effort, Plaintiffs' Response incorrectly relies on and incorrectly cites noncontrolling case law in an attempt to survive SBR's Motion. The U.S. District Court for the District of Colorado, however, applies the "stream of commerce plus" test when considering whether a defendant has sufficient minimum contacts with a forum to establish specific personal jurisdiction. Plaintiffs have failed to satisfy this test.

In short, Plaintiffs cannot establish that SBR purposefully availed itself of the privilege of doing business in Colorado, or that the incident at issue arises out of or relates to any activity by SBR in Colorado. Therefore, Plaintiffs cannot establish specific personal jurisdiction over SBR, and this Court should grant SBR's Motion.

## II. Plaintiffs' Response Does Not Establish Any Connection Between SBR and the State of Colorado

Plaintiffs' Response focuses on SBR's connection to the United States market as a whole, not to the State of Colorado. [Response pp. 6-7.] Specific personal jurisdiction cannot be established through marketing and sales efforts directed at the United States generally. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 885-86 (plurality op.) (finding no personal jurisdiction where the defendant "directed marketing and sales efforts at the United States"); *id.* at 891 (Breyer, J., concurring) (rejecting view that a producer is subject to jurisdiction so long as it knows or reasonably should know that its products are distributed through a nationwide distribution system, as such an approach "would abandon the heretofore accepted inquiry of whether, focusing upon the relationship between the defendant, the *forum*, and the litigation, it is fair, in light of the defendant's contacts *with that forum*, to subject the defendant to suit there.") (internal quotation marks

and citation omitted, alteration in original); see also Lynch v. Olympus Am., Inc., No. 18-cv-00512-NYW, 2018 U.S. Dist. LEXIS 185595, at *20 (D. Colo. Oct. 30, 2018) ("The development of a global or country-level marketing plan does not rise to the level of a 'substantial connection' that '[came] about by an action of [the defendant] purposefully directed towards Colorado.'") (quoting Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 112 (1987)).

Plaintiffs' Response makes broad assertions about "Subaru." However, Plaintiffs' Response does not define the term "Subaru." It is apparent from the Response that Plaintiffs' references to "Subaru" include all Subaru entities in the United States, and not just SBR. Such imprecise reference proves fatal to Plaintiffs' Response because the specific question for the Court relates to the connection between SBR and the State of Colorado, not the connection between any other Subaru entity and the State of Colorado.[2]

Additionally, Plaintiffs allege in their Response that SBR does not deny the "well-pled facts" alleged to establish jurisdiction over SBR. [Response p. 5.] Plaintiffs fail to acknowledge that their Amended Complaint defines "Subaru" to refer to all defendants included in their original Complaint. [Amended Complaint ¶ 9.] Even assuming such allegations could be considered well-pled—and they are not—they are directly contested by SBR's declaration filed in support of its Motion, and they cannot be taken as true for purposes of this jurisdiction analysis. [See Ex. B to Motion, Wada Decl.] Plaintiffs' attempts to ignore the distinction between SBR and its subsidiaries, most significantly Subaru of America, Inc. ("SOA"), demonstrates they cannot articulate specific facts connecting SBR and the State of Colorado. Instead, their response is grounded entirely

---

[2] Although these U.S. entities are subsidiaries of SBR, they remain distinct corporate entities, and their contacts with the State of Colorado have no relevance to SBR's Motion.

on imprecise definitions and deliberate confusion in an attempt to manufacture a connection between SBR and Colorado that does not exist.

Similarly, Plaintiffs' Response attaches a variety of SBR's corporate documents and makes broad, inaccurate statements about the contents of those documents. For example, Plaintiffs' counsel somehow states that SBR has 7,692 employees in the United States. [Response p. 6.] Plaintiffs' counsel, who is unqualified to authenticate any of the exhibits or documents attached to the Response, cites to page 87 of SBR's Annual Report to support this statement. [Ex. 2 to Response ¶ M.] However, nowhere on page 87 is there any information to support this statement. [Ex. 1 to Response p. 87.] Perhaps Plaintiffs' counsel was referring to page 88 of the Annual Report, which lists the employees of Subaru of America, Inc., Subaru of Indiana Automotive, Inc., and North American Subaru, Inc., (1,286, 6,322 and 84 respectively), to get to 7,692 employees. [Ex. 1 to Response p. 88.] However, none of these employees are employees of SBR, as is clearly stated in the Annual Report. *Id.*

The undisputed facts establish that SBR has no connection to the State of Colorado. SBR is not incorporated in Colorado or any other state in the United States, nor has it qualified to do business in Colorado or elsewhere in the United States. [Ex. B to Motion, Wada Decl. at ¶¶ 13-14.] SBR has no agent for service of process in Colorado or any other state in the United States. [*Id*. at ¶ 14.] SBR is not a taxpayer in Colorado or any other state in the United States. [*Id*. at ¶ 15.]

SBR does not sell Subaru motor vehicles directly to dealers or to the general public in Colorado. [*Id*. at ¶ 10.] SBR does not design or manufacture Subaru vehicles in Colorado. [*Id*. at ¶ 4.] SBR also does not distribute Subaru vehicles to dealers or to the general public in Colorado. [*Id*. at ¶ 9.] SBR does not maintain a sales force in Colorado, and does not conduct sales campaigns of Subaru vehicles directed at the general public

in Colorado. [*Id*. at ¶ 11-12.] SBR does not direct marketing materials to consumers in the United States, including Colorado. [*Id*. at ¶ 11.] In fact, SBR does not conduct or solicit any continuous or systematic business in Colorado. [*Id*. at ¶ 13.]

SOA is a separate and distinct corporate business entity from SBR, incorporated in and with its principal place of business in New Jersey. [*Id*. at ¶¶ 5-8.]

SBR does not control the operations of SOA. SBR and SOA each have their own separate procedures and policies for their respective operations. [*Id.* at ¶ 7.] SOA is the exclusive United States distributor of new Subaru brand vehicles in the United States. [*Id*. at ¶ 9.] SBR does not control the distribution of Subaru vehicles in the United States, including in Colorado. [*Id*.]

SOA also handles its own financial affairs. SBR does not maintain SOA's corporate books and records. [*Id.* at ¶ 8.] SBR does not prepare or file SOA's tax returns. [*Id*.]

Plaintiffs' Response does not introduce any facts demonstrating a direct connection between SBR and the State of Colorado because there is no such connection. Plaintiffs cannot alternatively establish jurisdiction over SBR in Colorado based merely on its nationwide contacts in the United States.

### III. SBR Does Not Purposefully Avail Itself To The Jurisdiction Of Colorado

"Federal law, not state law, guides the due process analysis." *Nat'l Bus. Brokers v. Jim Williamson Prods., Inc.,* 115 F. Supp. 2d 1250, 1253 (D. Colo. 2000), *aff'd*, 16 Fed App'x 959 (10th Cir. 2001).[3]

---

[3] Colorado state courts apply a different standard than this Court when considering whether a foreign defendant is subject to personal jurisdiction under a stream of commerce theory. *See Align Corp. v. Boustred*, 405 P.3d 1148 (Colo. 2017). Plaintiffs' argument that SBR has been a defendant in Colorado state court litigation is therefore meaningless to this Court's consideration of SBR's motion. Similarly, Plaintiffs' argument that SBR has "voluntarily litigat[ed]" in the 10th Circuit does not establish any fact to support any connection between SBR and Colorado, or that SBR has purposefully availed itself to the State of Colorado.

"As a general rule, the sovereign's exercise of power requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. . . . In products-liability cases like this one, it is the defendant's purposeful availment that makes jurisdiction consistent with traditional notions of fair play and substantial justice." *Nicastro*, 564 U.S. at 880 (internal quotation marks and citations omitted).

The U.S. District Court for the District of Colorado applies the "stream of commerce plus" test when evaluating specific personal jurisdiction. *See Colorado Cas. Ins. Co. v. Fu San Mach. Co., Ltd.,* No. 16-cv-01244-RBJ, 2017 U.S. Dist. LEXIS 122566, at *18 (D. Colo. May 15, 2017) ("[I]t is reasonably clear from the divided Supreme Court decisions that 'something more' than merely placing a product into the stream of commerce is required to establish minimum contacts for jurisdictional purposes."); *see also Fischer v. BMW of N. Am., LLC*, 376 F. Supp. 3d 1178, 1184 (D. Colo. 2019) ("The Court finds this to be an accurate summary of the law after *Nicastro*. *See Nicastro,* 564 U.S. at 890-91 (Breyer, J., concurring) (rejecting the view that 'a producer is subject to jurisdiction for a products-liability action so long as it knows or reasonably should know that its products are distributed through a nationwide distribution system that *might* lead to those products being sold in any of the fifty states.')"); *see also Lynch*, 2018 U.S. Dist. LEXIS 185595, at *4 n.5 (noting, after survey of cases applying stream of commerce theory following *Nicastro*, that not a single court in the Tenth Circuit has applied the most permissive [stream of commerce test], which only requires a defendant to put the offending product

into the stream of commerce without any action specifically directed at the forum itself.")) (internal citations omitted).[4]

Plaintiffs argue that this Court should look to the "important precedents" of *Cunningham v. Subaru of Am., Inc.*, 631 F. Supp. 132 (D. Kan. 1986) and *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021) to deny SBR's Motion. Such reliance is misplaced.

*Cunningham* is a district court case from outside of the District of Colorado, and it was decided before both *Asahi* and *Nicastro*. And, in any event, the Tenth Circuit has adopted the "stream of commerce plus" test, so the contrary view of the district court in *Cunningham* is entirely irrelevant to the present analysis.

Plaintiffs' citation to *Ford* for the proposition that purposeful availment may be satisfied when an entity "avails itself to the greater U.S. market" is simply wrong. [Response p. 8.] *Ford* includes no such holding. And, in any event, *Ford* is no help to Plaintiffs here, as Ford in that case conceded that it had purposefully availed itself of the forum state. *Ford*, 141 S. Ct. at 1026 ("Ford agrees that it has 'purposefully avail[ed] itself of the privilege of conducting activities' in both places."). In discussing Ford's concession of this point, the Court noted that "Ford has a veritable truckload of contacts with [the forum state], as it admits." *Id*. at 1031. Specifically, the Court noted that Ford engaged in direct advertising in the forum state, maintains dealerships in the forum state, and distributes replacement parts to the forum state. *Id*. at 1023. Here, by contrast, SBR has not conceded purposeful availment, does not engage in direct advertising in Colorado,

---

[4] Plaintiffs note in their response that the *Fischer* matter is on appeal. The appeal relates to an issue completely unrelated to the Court's dismissal of BMW AG for lack of personal jurisdiction. BMW AG is not a party to the appeal and the Court's grant of BMW AG's motion to dismiss for lack of personal jurisdiction was not contested by Plaintiff in *Fischer*. *Ronnie Fischer v. BMW N.A., LLC*, No. 20-01399 (10th Cir. 2021).

does not maintain dealerships in Colorado, and does not distribute any product to Colorado. In short, not only is *Ford* unhelpful to Plaintiffs' argument, but it actually supports SBR's motion.

The *Ford* case did not abrogate *Asahi* or *Nicastro*, and it does not overrule the Tenth Circuit's application of the "stream of commerce plus" test. As *Ford* makes clear, specific jurisdiction still requires purposeful availment. Plaintiffs have not demonstrated any connection between SBR and the State of Colorado, other than the subject vehicle making it to Colorado through the stream of commerce. This is not enough to demonstrate SBR purposefully availed itself to this forum, and Plaintiffs cannot satisfy this first prong of specific personal jurisdiction. SBR's Motion should be granted.

## IV.   The Incident Does Not Arise Out Of Or Relate To Any Contact SBR Has With Colorado

As stated, Plaintiffs' Response exaggerates the ruling in *Ford*. The Court's analysis in *Ford* centered on the "arise out of or relate to the defendant's contacts with the forum" prong in the specific personal jurisdiction analysis. *Id.* at 1020.

The forum contacts the Court relied on in *Ford* do not exist here. As noted above, Ford had broad and systematic contacts with Montana and Minnesota. SBR does not have such contacts with Colorado. Plaintiffs have not established any contact between SBR and Colorado. Plaintiffs simply disregard the corporate separateness of SBR and SOA and repeatedly allege "Subaru," undefined in Plaintiffs' Response, has significant contacts with Colorado. [Response pp. 8-14.] This imprecise reference to "Subaru" does not establish any connection between SBR and Colorado. Because Plaintiffs' Response does not demonstrate any connection between SBR and Colorado, Plaintiffs cannot show that the incident at issue in this case arises out of or relates to any activity by SBR in Colorado. Therefore, SBR cannot satisfy the second prong of specific personal jurisdiction and cannot survive SBR's Motion.

### V. SOA's Contacts with Colorado Cannot Be Imputed on SBR

The mere existence of a parent and subsidiary relationship will not suffice to extend personal jurisdiction to a parent company for the actions of its subsidiary. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004). To extend jurisdiction to a parent corporation for the actions of its subsidiary, Plaintiffs would have to demonstrate an agency relationship between the two entities where "the [subsidiary] is so dominated by the [parent] as to be its alter ego." *Daimler AG v. Bauman*, 571 U.S. 117, 134-35 (2014). Plaintiffs' Response establishes no such facts or relationship between SBR and SOA. As stated in Mr. Wada's declaration, SBR and SOA are separate and distinct legal entities with their own separate procedures and policies for their respective operations. [Ex. B to Motion, Wada Decl. ¶¶ 6-7.] Plaintiffs have not demonstrated an agency relationship sufficient to find specific personal jurisdiction over SBR based on SOA's actions.

### VI. Conclusion

Plaintiffs' Response does not establish any connection between SBR and Colorado. SBR's connection to the United States as a whole does subject it to jurisdiction in Colorado. SBR does not purposefully avail itself to the jurisdiction of Colorado and the incident does not arise out of or relate to any contact of SBR with Colorado. Therefore, SBR's Motion to Dismiss for Lack of Personal Jurisdiction should be granted and SBR should be dismissed from this action with prejudice.

Dated: August 18, 2021

    <u>s/ Andrew Garnett</u>
Charles Casteel
Andrew Garnett
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO  80202
Telephone: 303.892.9400

*Attorneys for Defendant Subaru Corporation for the limited purpose of filing this motion*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2021, a true and correct copy of the foregoing **DEFENDANT SUBARU CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)** was e-filed with the Clerk of Court via the CM/ECF System which will send notification of such filing to the following:

Anthony P. Bolson
Bolson Law, LLC
1040 S. Gaylord, #87
Denver, CO 80209

Brian D. Chase
Steven Hilst
Bisnar Chase, LLP
One Newport Place
1301 Dove Street, Suite 120
Newport Beach, CA 92660

*s/ Robin E. Anderson*
Robin E. Anderson

- 11 -