IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02908-PAB-MEH

KATHLEEN DITTER, an individual and
DREW DITTER, an individual,

    Plaintiffs,

v.

SUBARU CORPORATION, a foreign corporation;
SUBARU OF AMERICA, INC., a New Jersey corporation;
and JOHN DOE NOS. 1-40

    Defendants.

---

## PLAINTIFFS' MOTION TO CERTIFY PURSUANT TO RULE 54(b)
---

Plaintiffs, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 54(b), hereby move this Court to certify that a final judgment be entered in favor of Defendant Subaru Corporation.

### Certification of Conferral - D.C.COLO.LCivR 7.1

Defendants Subaru of America and Subaru Corporation are represented by the same legal counsel. Plaintiffs' counsel has conferred with the Defendants' legal counsel via email and on the phone concerning the present motion. Defendants advise they are opposed to the present motion and the relief requested herein.

### BACKGROUND

This product liability action arises from a motor vehicle accident occurring on April 19, 2019, wherein the Plaintiff, Kathleen Ditter, sustained, among other injuries, the loss of an eye, and a traumatic brain injury. The product at issue is a 2012 Subaru Impreza

1

and its occupant safety systems. The Plaintiff alleges her driver's airbag and seatbelt are defective and unreasonably dangerous. The Plaintiffs' Complaint was filed in the District Court for Denver County on August 21, 2020, and served upon Defendant Subaru of America, Inc. (SOA) on August 26, 2020. ECF 4 & 5. Plaintiffs assert claims for strict liability and negligence. Defendant SOA removed the case to the United States District Court for the District of Colorado on September 25, 2020. ECF 1. On October 2, 2020, Defendant Subaru of America Answered the Plaintiffs' Complaint. Therein, SOA stated it "admits the existence of personal jurisdiction, as to it, in this matter." ECF 10 ¶ 4.

On June 24, 2021, Defendant Subaru Corporation, the manufacturer of the subject vehicle, filed a Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2). On March 25, 2020, the Court granted the Motion and Ordered "that all claims against defendant Subaru Corporation are dismissed without prejudice." ECF 80, page 25. The Court's order did not direct the issuance of a Rule 54(b) certificate, thus necessitating the present motion. Still remaining before the Court are the Plaintiffs' claims against non-dismissed Defendant Subaru of America, the self-acknowledged distributor of the subject vehicle.

## LEGAL AUTHORITY / ARGUMENT

Under Rule 54(b):

> [T]he court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b).

When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. *Id.*; *Niemi v. Lasshofer*, 770 F.3d 1331, 1341 (10th Cir. 2014). Without a Rule 54(b) certificate, a final judgment cannot be entered against fewer than all the parties to the litigation. *Wilson v. Navistar International Transp. Corp.*, 193 F.3d 1212, 1213 (11th Cir. 1999), overruled on other grounds by *Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 965 (11th Cir. 2001). Thus, the lack of such a certificate renders a judgment nonappealable if the judgment is not entered as to all the parties.

The Tenth Circuit directs district courts, before entering a Rule 54(b) certification, to "clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay' so that we [can] review a 54(b) order more intelligently[] and thus avoid jurisdictional remands." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). The court in *Pinon Sun Condo. Ass'n, Inc. v. Great Lakes Ins., SE*, No. 17-CV-01595-CMA-NRN, 2019 WL 12072507, at *1 (D. Colo. Dec. 10, 2019) summarized the analysis required under Tenth Circuit law:

> First, the district court must determine that its judgment is final. *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7, 100 S.Ct.1460, 64 L.Ed.2d 1 (1980). Second, the district court must determine that no just reason for delay of entry of its judgment exists. *Id.* at 8, 100 S.Ct. 1460. In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying the appeal. *Id.* at 8, 100 S.Ct. 1460; *Oklahoma Turnpike Auth. [v. Bruner*, 259 F.3d 1236 (10th Cir. 2001)] at 1241. Factors the district court should consider are "whether the claims

> under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8, 100 S.Ct. 1460.

425 F.3d at 1265 (underlining added for emphasis).

### *First - The Court's Order Dismissing Subaru Corporation is "Final"*

The Court has dismissed "**all of the claims** made against defendant Subaru Corporation." ECF 80 page 25 (emphasis added). "To be considered 'final,' an order must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001)(quoting *Curtiss–Wright Corp.,* 446 U.S. at 7, 100 S.Ct. 1460).

When a Court dismisses all the claims against a party based on a finding of a lack of personal jurisdiction, an Order is considered "final." *See De Melo v. Woolsey Marine Industries, Inc.,* 677 F.2d 1030, 1031 (5th Cir.1982) (holding that because the district court dismissed a defendant for lack of personal jurisdiction, that dismissal "disposed of all claims against [the defendant, and] it clearly had the requisite **finality** to be appealable under [Rule 54(b).]")(emphasis added); *McMahan Jets, LLC v. X-Air Flight Support, LLC*, No. 2:10CV175 KS-MTP, 2011 WL 4344208, at *2 (S.D. Miss. Sept. 14, 2011), *aff'd sub nom. McMahan Jets, L.L.C. v. Rd. Link Transportation, Inc.*, 485 F. App'x 661 (5th Cir. 2012)(concluding "It is clear to the court that the issue of personal jurisdiction is completely separate from and independent of the remaining substantive issues against the other defendants in this case.").

### *Second - No Just Reason for Delay of Entry of the Court's Judgment Exists*

Rule 54(b) allows the Court to enter a judgment for less than all defendants in a case when the Court determines there is no just reason for delay of entry of a final judgment or order and expressly directs that one be entered. Enabling Plaintiffs to immediately appeal this Court's dismissal of Defendant Subaru Corporation is in the interests of justice and sound judicial administration.

In cases where "jurisdictional claims" are "easily severable from the merits of the lawsuit," the Court has discretion to grant a Rule 54(b) certification of the jurisdictional claim if it "would serve the efficient administration of justice." *Core–Vent Corn. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). The efficient administration of justice will be served here by resolving jurisdictional issues at the outset of litigation because it "may obviate the need for a second trial." *Id.* Therefore, where some, but not all, defendants are dismissed for lack of personal jurisdiction and the jurisdictional questions are independent of the merits of the underlying claims, courts have routinely found no just reason for delay of entering final judgment in favor of those dismissed defendants. *See e.g. id.* (affirming Rule 54(b) certification where some, but not all, parties were dismissed for lack of personal jurisdiction); *Freeney v. Bank of Am. Corporation*, Case No. 15–cv–2376–JGB, 2017 WL 382228 (C.D. Cal. Jan. 25, 2017) (granting a Rule 54(b) certification where only one defendant had obtained dismissal on jurisdictional grounds); *Chamberlain v. Harnischfeger Corp.*, 516 F. Supp. 428 (E.D. Pa. 1981) (granting Rule 54(b) certification in plaintiff's appeal of court's finding that it lacked personal jurisdiction over some of the defendants); *Bush v. Adams*, 629 F. Supp. 2d 468, 472 (E.D. Pa. 2009) ("Courts have routinely entered judgment under Rule 54(b) in multi-defendant cases

5

where some but not all defendants are dismissed for want of personal jurisdiction."); *Grand River Enterprises Six Nations. Ltd. v. Pryor*, Case No. 02–cv–5068–JFK, 2004 WL 2480433, at *2 (S.D.N.Y. Nov. 3, 2004), *aff'd*, 425 F.3d 158 (2d Cir. 2005) ("While the Court in no way hesitates as to the propriety of its [personal jurisdiction] orders, ... [granting a Rule 54(b) certification] better serves judicial economy in the event of a reversal.").

As explained in *Animale Group, Inc. v. Sunny's Perfume, Inc.*, 2007 WL 2010476, at *1–2 (S.D. Tex. July 5, 2007):

> **One would be hard-pressed to find a decision in which a court denied Rule 54(b) certification after dismissing a party for lack of personal jurisdiction**. This is likely because of the implications of such a dismissal, implications presciently summarized by the Southern District of New York in an opinion worth quoting at length:
>
>> If [plaintiff's] case against [the dismissed defendant was in fact] properly brought in this [c]ourt, a binding determination of [the] legal issues can be achieved in the same proceeding, without the risk of inconsistent results in two different courts. If [plaintiff's] position [that the district court's dismissal was erroneous] is ultimately sustained in the Court of Appeals, allowing an immediate appeal permits the case against [defendant] to proceed along with those against the other [defendants] in this Court.
>>
>> Conversely, if this [c]ourt's ruling on jurisdiction is affirmed, [plaintiff] would learn this result promptly, and could then either seek a transfer of venue in this Court, if appropriate, or file a new action in a district which has jurisdiction over [defendant.] Delaying resolution of the issue forces [plaintiff] to choose between deferring its claims against [defendant] to be resolved at a much later date, either in this Court or in some other district, or withdrawing its appeal, acquiescing in this Court's decision on personal jurisdiction, and proceeding simultaneously in two courts. This would not be in the interest of efficiency or justice, as compared with presenting the Court of Appeals with a relatively straightforward judgment about whether [defendant's] contacts with New York are sufficient to confer personal jurisdiction.

>*Freeplay Music, Inc. v. Cox Radio, Inc.,* 2005 U.S. Dist. Lexis 22867 (S.D.N.Y.2005). Other courts have reached this same result with virtual unanimity, *see Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.,* 293 F.Supp.2d 430 (D.Del.2003); *Chamberlain v. Harnischfeger Corp.,* 516 F.Supp. 428 (E.D.Pa.1981), including the Fifth Circuit, *see De Melo v. Woolsey Marine Industries, Inc.,* 677 F.2d 1030, 1031 (5th Cir.1982) (Holding that because the district court dismissed a defendant for lack of personal jurisdiction, that dismissal "disposed of all claims against [the defendant, and] it clearly had the requisite finality to be appealable under [Rule 54(b).]"). This result has been deemed particularly appropriate in this context since the initial appeal will resolve issues relevant to only the dismissed party, rather than substantive law issues relevant to the underlying suit; as such, the appellate process may be bifurcated, but not duplicative. *See Commissariat,* 293 F.Supp.2d at 435 (Rule 54(b) certification appropriate because "the issue of personal jurisdiction ... is plainly separable from [the] remaining claims ... against the other defendants.").

*Animale Grp., Inc. v. Sunny's Perfume, Inc.*, No. CIV A 507-CV-13, 2007 WL 2010476, at *1–2 (S.D. Tex. July 5, 2007) (emphasis added).  Just as in *Animale Grp., Inc.*, there is no just reason for delay of entry of a final judgment.

### *An Appeal Will Not Involve Duplicative Issues*

There is no significant risk of duplicative appeals at issue in this case, since the claims against Subaru Corporation were dismissed for lack of personal jurisdiction, an issue which is not present concerning any of the remaining claims against Defendant Subaru of America. *See Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 293 F. Supp. 2d 430, 435 (D. Del. 2003), *vacated*, 395 F.3d 1315 (Fed. Cir. 2005) (citing *Nat'l Gypsum Co. v. Continental Brands Corp.,* 895 F.Supp. 328, 344 (D.Mass.1995)).  Indeed, Subaru of America has admitted the Court has personal jurisdiction over it concerning the Plaintiff's claims.  ECF 10 ¶ 4.

### *Denying the Request for Rule 54(b) Certification may Prejudice the Plaintiff's Ability to Obtain Discoverable Information.*

In response to Plaintiffs' written discovery requests, the remaining Defendant, Subaru of America, has stated that it does not possess, and has no "legal right" to obtain

7

critical design or testing information regarding the airbag and seatbelt that Plaintiff alleges injured her. See Exhibit 1 – Subaru of America Responses to Plaintiffs' Requests for Production. Setting aside the fact that SOA is a wholly-owned subsidiary of Subaru Corporation, SOA has taken the following position:

> While SOA is the exclusive authorized importer, distributor, and marketer of new Subaru brand vehicles, including the Subject Vehicle, in the United States SOA does not design, test, or manufacture motor vehicles or motor vehicle components. SOA does not select or procure components from suppliers that are installed in Subaru vehicles, including the Subject Vehicle. SOA does not develop performance and design specifications for Subaru brand vehicles, including the Subject Vehicle. SOA sells new Subaru vehicles to authorized Subaru dealers, who in turn sell or lease those vehicles to the public. The Subject Vehicle was not designed, tested, or manufactured by SOA and, therefore, SOA does not have information related to any of those areas in its possession, custody, or control; nor does SOA have a legal right to compel Subaru Corporation to produce the requested information.

*Id.* If SOA remains unable, unwilling, or not otherwise compelled by the Court to produce critical discovery concerning the subject product, the Plaintiffs may require the existence of a parallel appeal to determine if Subaru Corporation (the manufacturer) is subject to the personal jurisdiction of the Court – and if so, obtain necessary and discoverable information from them directly. Should Plaintiffs need to wait until a final judgment as to all Defendants is entered to proceed with an appeal it may unnecessarily delay the case and hamper the Plaintiffs' right to information concerning the subject product.

### *Defendant Subaru Corporation's Seeks Attorney Fees Pursuant to Rule 54 – Which Requires Entry of a Final Judgment.*

Defendant Subaru Corporation has voiced its opposition to the present Motion. However, on April 8, 2022, Defendant Subaru Corporation requested the Court grant its request for attorney fees, pursuant to Fed. R. Civ. P. 54(d)(2). ECF 81. There, Subaru Corporation requested $27,413.50 seeking significant attorney fees for time spent

8

"defending" Subaru Corporation (including for attorney fees from before it was even served with the Plaintiff's Complaint.)[1]  In its Motion, Subaru Corporation states that "**Fed. R. Civ. P. 54(d)(2) requires that SBR file this Motion within 14 days of entry of judgment**. The Order granting SBR's motion was entered on March 25, 2022, thereby requiring this Motion be filed on or before April 8, 2022."  ECF 81 page 4 (emphasis added).  Defendant Subaru Corporation has necessarily treated the Court's Order at ECF 80 as a "final judgment."  This position is consistent with Rule 54(a), which states "'Judgment' as used in these rules includes a decree and **any order from which an appeal lies**."  (emphasis added).

It is worth noting that because Defendant Subaru of America admits the Court's personal jurisdiction, the case against it will proceed.  ECF 10 ¶4.  However, under no scenario can Subaru Corporation be entitled to attorney fees at this stage of the litigation, as "the time for taxing costs begins to run only from the entry of what would ordinarily be a **final judgment as to all parties and all issues**." *Equal Emp. Opportunity Comm'n v. JBS USA, LLC*, No. 10-CV-02103-PAB-KLM, 2019 WL 4751756, at *2 (D. Colo. Sept. 30, 2019) (quoting *Woodmen Acc. & Life Ins. Co.* v. Bryant, 784 F.2d 1052, 1057 (10th Cir. 1986)(emphasis added); and citing *Milligan v. Reed*, 2007 WL 1725240, at *1 (D. Colo. June 14, 2007 for the proposition that "where there is no final judgment, the filing of a bill of costs is premature.").

## CONCLUSION

WHEREFORE, Plaintiffs request this Court to certify and direct that a final

---

[1] In the event Subaru Corporation's request for attorney fees is not stayed or otherwise held in abeyance, Plaintiffs reserve the right to contest the request and the extent, if any, to which Subaru Corporation may recover its attorney fees. .

9

judgment be entered in favor of Defendant Subaru Corporation pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Plaintiffs further request the Court make a determination that its judgment is final, and that no just reason for delay of entry of its judgment exists

DATED at Denver, Colorado this 22nd day of April, 2022.

> By: *s/ Anthony P. Bolson*
> Anthony P. Bolson, CO Reg. #49208
> BOLSON LAW, LLC
> 3900 E. Mexico Ave., Suite 300
> Denver, CO 80210
> Tel: (720) 506-9224
> tony@bolsonlawllc.com
>
> Brian D. Chase
> Steven Hilst
> BISNAR CHASE, LLP
> One Newport Place
> 1301 Dove Street, Suite 120
> Newport Beach, CA 92660
> Tel: (949) 203-3814
> bchase@bisnarchase.com
> shilst@bisnarchase.com
>
> ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April 2022, a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO CERTIFY PURSUANT TO RULE 54(b)** was e-filed with the Clerk of Court via the CM/ECF System which will send notification of such filing to the following:

> Charles Casteel
> Andrew Garnett
> DAVIS GRAHAM & STUBBS LLP
> 1550 17th Street, Suite 500
> Denver, CO 80202
> Telephone: 303.892.9400
> Facsimile: 303.893.1379
> Charles.Casteel@dgslaw.com
> Andrew.Garnett@dgslaw.com

*Attorneys for Defendants Subaru Corporation and Defendant Subaru of America, Inc.*

/s/ Anthony P. Bolson