IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02908-PAB-MEH

KATHLEEN DITTER, an individual and
DREW DITTER, an individual,

    Plaintiffs,

v.

SUBARU CORPORATION, a foreign corporation;
SUBARU OF AMERICA, INC., a New Jersey corporation; and
JOHN DOE NOS. 1-40

    Defendants.
_____

**DEFENDANT SUBARU CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY PURSUANT TO RULE 54(b)**
_____

Defendant, Subaru Corporation ("SBR"), by and through its undersigned counsel, submits this Response to Plaintiff's Motion to Certify Pursuant to Rule 54(b) ("Motion") and in support thereof states as follows:[1]

## INTRODUCTION

Plaintiffs filed their lawsuit against numerous Subaru related entities on August 21, 2020. Some Defendants were dismissed previously by stipulation from the lawsuit, Subaru of America ("SOA") and SBR as the remaining Defendants. [Dkt. 64]. The claims against SOA and SBR are all **identical**. (*See* Plaintiffs' Amended Complaint).

---

[1] Subaru Corporation continues to object to the jurisdiction of this Court and submits this Response under a limited appearance to further assert its objection to this Court's jurisdiction.

On June 24, 2021, SBR filed a motion to dismiss the claims against it for lack of personal jurisdiction pursuant to F.R.C.P. 12(b)(2). [Dkt. 63]. The Court granted SBR's Motion to Dismiss on March 25, 2022. [Dkt. 80].

Plaintiffs now seek an order certifying the Court's March 25, 2022 Order so Plaintiffs may simultaneously appeal that order and litigate the merits of their lawsuit against SOA. That is not in the interest of justice or judicial efficiency. There is a just reason for denying this Motion and proceeding with Plaintiffs' claims against SOA.

## **LEGAL AUTHORITY**

"Rule 54(b) establishes three prerequisites for appeal of a separate final judgment on fewer than all claims in a lawsuit: (1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005).

## **ARGUMENT**

First, Plaintiffs' Amended Complaint does not raise multiple claims. Instead, the Amended Complaint asserts identical claims against SBR and SOA. Thus, this litigation does not involve various, diverse, allegations and claims against multiple, unrelated, defendants.

Second, just reasons exist to await appealing the results of the Court's March 25, 2022 Order. Permitting a parallel appeal while Plaintiffs' claims against SOA proceed could waste judicial resources. Specifically, since the claims are identical, if Plaintiffs' claims against SOA are dismissed or resolved on the merits before the appeal against SBR is completed, the result of the appeal would be meaningless. This would be a waste of the appellate court's time and resources.

## **CONCLUSION**

Plaintiffs' Amended Complaint contains identical rather than multiple claims against SOA. Thus, permitting an appeal of the Court's order as to SBR while litigating the merits of Plaintiffs' claims would not be an efficient use of judicial resources. SBR respectfully requests this Court deny Plaintiffs' Motion.

Dated: May 13, 2022

*s/ Andrew Garnett*
Charles Casteel
Andrew Garnett
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO  80202
Telephone: 303.892.9400
Facsimile:  303.893.1379

*Attorneys for Defendant Subaru Corporation appearing under a limited appearance*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May 2022, a true and correct copy of the foregoing **DEFENDANT SUBARU CORPORATION'S RESPONSE TO MOTION TO CERTIFY PURSUANT TO RULE 54(b)** was e-filed with the Clerk of Court via the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Anthony P. Bolson<br>Bolson Law, LLC<br>1040 S. Gaylord, #87<br>Denver, CO 80209 | Brian D. Chase<br>Steven Hilst<br>Bisnar Chase, LLP<br>One Newport Place<br>1301 Dove Street, Suite 120<br>Newport Beach, CA 92660 |

*s/ Karina Gonzalez*
Karina Gonzalez